UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBIN LEE ASHFORD, | ) | CASE NO. 5:07 CV 1491 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DREW ALEXANDER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 22, 2007, plaintiff pro se Robin Lee Ashford filed this action under 42 U.S.C. §1983 against Summit County Sheriff Drew Alexander, Summit County Jail Supervisor Sgt. Glennon and Summit County Jail Deputy Adams. In the complaint, plaintiff alleges Deputy Adams assaulted him. He seeks $ 25,000.00 in damages.

**Background**

Mr. Ashford claims that on June 11, 2006, Deputy Adams used excessive force against him. He contends that he was utilizing the restroom facilities in his cell when Deputy Adams "called count." (Compl. at 2.) Mr. Ashford states that he attempted to explain his situation to Deputy Adams but receive no accommodation from the officer. Instead, Mr. Ashford indicates that Deputy Adams entered the cell, began to choke him, hit him in the stomach and used his taser on him. He claims he was not engaged in behavior which would warrant this type of response.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

While the claims asserted against Deputy Adams may have arguable merit, the same cannot be said for the claims asserted against Sheriff Drew Alexander or Shift Supervisor Sgt. Glennon. There are no allegations against these individuals in the complaint. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

It appears that Mr. Ashford may have included Drew Alexander and Sgt. Glennon as defendants in this action simply because they employ or supervise Deputy Adams. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. In order for liability to attach to Sheriff Alexander and Sgt. Glennon, Mr. Ashford must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the jail operations. Id. He must show that the supervisors somehow encouraged or condoned the actions of the Deputy. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the pleading reasonably suggesting that either of these defendants engaged in this type of activity.

## Conclusion

Accordingly, the claims against Sheriff Drew Alexander and Summit County Jail Supervisor Sgt. Glennon are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against Summit County Sheriff's Deputy Adams. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. **The Clerk's Office shall include a copy of this order in the documents to be served upon the defendants.**

      IT IS SO ORDERED.

Date: March 31, 2008                    S/John R. Adams
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.